| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
|---|---|
| COUNTY OF WARD | NORTH CENTRAL JUDICIAL DISTRICT |

Cuttin' Loose Partners, LLP,　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Civil No. _____
　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　**AMENDED SUMMONS**
　　vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
Chicago Title and Insurance Company,　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　　 )

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS:

¶1.　You are hereby summoned and required to appear and defend against the Amended Complaint in this action, which is or will be filed with the Clerk of District Court and which is herewith served upon you, by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after the service of this Amended Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint.

Dated this 27th day of August, 2014.

LARSON LAW FIRM, P.C.

_/s/ [signature] #07341_
for Mark V. Larson (ID # 03587)
Melissa E. Leathers (ID # 07341)
ATTORNEYS FOR THE PLAINTIFFS
1020 N. Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF WARD | NORTH CENTRAL JUDICIAL DISTRICT |

Cuttin' Loose Partners, LLP,

               Plaintiff,

vs.

Chicago Title and Insurance Company,

               Defendant.

Civil No. _____

**AMENDED COMPLAINT**

Plaintiff for its Amended Complaint state and allege as follows:

¶1.  Cuttin Loose Partners, LLP, in 2000, purchased Outlot 19 of Section 21 in Ward County, North Dakota. (Outlot 19). At the time, Chicago Title and Insurance Company issued Title Insurance Policy No. 35 009 106 00000847 which policy of insurance was to insure the property against encroachments and to verify its marketability. This policy was issued May 25, 2000. A copy of the Title Insurance Policy is attached hereto marked Exhibit A and by reference made a part hereof.

¶2.  Cuttin Loose Partners, LLP received a claim from Central Power Electric Cooperative indicating that Central Power had a valid and subsisting easement on Outlot 19. A review of the Title Insurance Policy indicated that the easement in question did not appear as an exception nor was it listed on the Policy of Title Insurance. In April of 2013, Chicago Title and Insurance Company was properly notified of the claim and of the existence of a lawsuit commenced by Central Power to enforce the validity of this easement.

¶3.  Since then, Chicago Title and Insurance Company has not properly investigated the claim and has not resolved the claim.

## COUNT I - LIABILITY ON THE CLAIM

¶4. Plaintiffs reassert each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

¶5. Because Chicago Title and Insurance Company insured the claim and because they did not properly list an easement, Chicago Title and Insurance Company must pay the value of the easement which was not included in the property. The reasonable value of this easement is $35,000.00.

¶6. In addition, Plaintiff incurred attorney's fees and costs of $22,103.14 in defending this easement anthose are recoverable costs.

## COUNT II - BAD FAITH

¶7. Plaintiffs reassert each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

¶8. Chicago Title and Insurance Company has not diligently pursued the resolution of this claim and as a consequence, is liable to the Plaintiff for bad faith in an amount to be proven at trial but in no case less than $50,000.00.

¶9. Chicago Title and Insurance Company further committed unfair claim settlement practices as defined in § 26.1-04-03 of the North Dakota Century Code (9):

> a. Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue.
>
> b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims under insurance policies.
>
> c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
>
> d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has

2

become reasonably clear.

e. Compelling insureds to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

f. Attempting to settle a claim for less than the amount to which a reasonable person would have believed one was entitled by reference to written or printed advertising material accompanying or made a part of an application.

g. Failing to affirm or deny coverage of claims within a reasonable time afer poof of loss has been completed.

Wherefore, Plaintiff prays for judgment as follows:

1. For damages in the amount of $57,103.14;

2. For bad faith in an amount to be proven at trial but in no case less than $50,000.00;

3. For interest at the maximum allowable legal rate on all damages awarded; and

4. For its costs and disbursements herein, and such other and further relief as the court may deem just and equitable in the circumstances.

Dated this 27th day of August, 2014.

                                  LARSON LAW FIRM, P.C.

                                  _____ #07341

for Mark V. Larson (ID # 03587)
Melissa E. Leathers (ID # 07341)
ATTORNEYS FOR THE PLAINTIFFS
1020 N. Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com

3

**DEMAND FOR JURY TRIAL**

Plaintiffs request a trial by the jury of the maximum number of jurors permitted by law.

*[signature]* #07341
for Mark V. Larson (ID # 03587)
Melissa E. Leathers (ID # 07341)
ATTORNEYS FOR THE PLAINTIFFS
1020 N. Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com

4